and of the State Rent and Eviction Regulations, summary proceedings were not maintainable by the landlord without first procuring a certificate of eviction. In fact, such holding is in accordance with earlier decisions of the Appellate Term. For instance, in *Garber* v. *Egger* (132 N. Y. S. 2d 371) the Appellate Term said: "The issuance of an unsafe building order does not make unlawful occupancies thereafter illegal. Since the tenancies were neither unlawful nor illegal the landlord could not maintain the proceedings except * * * by procuring certificates of eviction". (See, also, *Harnor Realty Co.* v. *Mondarelli*, 5 Misc 2d 618.) Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.

■ MARY A. WILKINSON v. SAMUEL N. WILKINSON.— Motion for a stay denied. That branch of the motion seeking to vacate the ex parte order of the Supreme Court, New York County, entered on August 23, 1960 is dismissed, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. SAMUEL PEARL.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

## (October 13, 1960)

■ In the Matter of ROBERT BERNARD LEVIN, an Attorney.— Respondent reinstated to the Bar. Concur — Botein, P. J., Breitel, Rabin and Valente, JJ.

■ SIDNEY WEISNER v. 791 PARK AVENUE CORPORATION.— Motion for leave to reargue denied, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Bastow, JJ.

■ BUSH TERMINAL BUILDINGS Co. et al. v. LUCKENBACH STEAMSHIP Co., INC., et al.— Motion for leave to reargue denied, but motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ANDRES VELASQUEZ.— Motion to dismiss appeal granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.